```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                         WESTERN DIVISION
```

UNITED STATES OF AMERICA                                    PLAINTIFF

VS.                          CIVIL ACTION NO. 5:11-cv-117(DCB)(MTP)

MARKUS BRENT STANLEY                                        DEFENDANT

ORDER

This cause is before the Court on the defendant's motion for stay of judgment and injunction pending appeal and request for waiver of bond **(docket entry 98)**. Having carefully considered the motion and response, the memoranda of the parties and the applicable law, and being fully advised in the premises, the Court finds as follows:

On August 23, 2013, this Court issued its Memorandum Opinion and Order finding that the United States prevailed at trial, proving by a preponderance of the evidence that the defendant "willfully attempted to evade or defeat" his income tax liabilities for tax years 1998-2004. The Court directed that those liabilities, as well as the defendant's 2005-2010 liabilities, be reduced to judgment. The Court further directed the United States to submit a proposed final judgment covering the thirteen tax years at issue "as to the amount of liabilities, penalties, and interest owed by Dr. Stanley." Memorandum Opinion and Order, p. 26. The Court has not yet entered a final judgment in this case; however, on October 1, 2013, the defendant filed a notice of appeal.

Because the defendant has already filed a notice of appeal, the Court shall decide his motion at this time, for purposes of judicial economy and efficiency.  See Henrietta D. v. Giuliani, 2001 WL 1602114, *6 n.1 (E.D. N.Y. Dec. 11, 2001).  In his motion, the defendant indicates that he is proceeding under Rule 8 of the Federal Rules of Appellate Procedure, which allows a party to seek first from the district court: "(A) a stay of the judgment or order of a district court pending appeal; (B) approval of a supersedeas bond; or (C) an order suspending, modifying, restoring, or granting an injunction while an appeal is pending."  Fed.R.App.P. 8(a)(1)(A)-(C).

While the Federal Rules of Appellate Procedure allow the defendant to file a motion to stay execution of a judgment pending appeal before the district court, they do not provide the procedural rule for doing so.  See New Pacific Overseas Group (USA) Inc. v. Excal International Development Corp., 2000 WL 802907, *1 n.1 (S.D. N.Y. June 21, 2000)(Federal Rules of Appellate Procedure do not govern procedure in the district courts).  Instead, Rule 62(d) of the Federal Rules of Civil Procedure dictates the procedure the defendant must follow.  However, the standard applied under Fed.R.App.P. 8(a) and Fed.R.Civ.P. 62(d) is the same.  Id.

Rule 62(a) provides:

> Except as stated in this rule, no execution may issue on a judgment, nor may proceedings be taken to enforce it, until 14 days have passed after its entry.  But unless the court orders otherwise, the following are not stayed

>    after being entered, even if an appeal is taken:
>
>    (1)  an interlocutory or final judgment in an action for an injunction or a receivership; or
>
>    (2)  a judgment or order that directs an accounting in an action for patent infringement.

Fed.R.Civ.P. 62(a).

>    Rule 62(d) provides:
>
>    If an appeal is taken, the appellant may obtain a stay by supersedeas bond, except in an action described in Rule 62(a)(1) or (2).  The bond may be given upon or after filing of the notice of appeal or after obtaining the order allowing the appeal.  The stay takes effect when the court approves the bond.

Fed.R.Civ.P. 62(d).

The purpose of a supersedeas bond is to "preserve the status quo while protecting the non-appealing party's rights pending appeal." Poplar Grove Planting and Refining Co. v. Bache Halsey Stuart, Inc., 600 F.2d 1189, 1190 (5th Cir. 1979).  Generally, the bonded amount equals the full amount of the judgment.[1]  Id. at 1191 (citing former Rule 73(d) standard).  However, the district court has inherent discretionary authority to set the amount of the bond. Id.  The bond amount should be sufficient to ensure that judgment creditors are protected and that judgment debtors are not irreparably injured.  Texaco, Inc. v. Penzoil Company, 784 F.2d

---

[1] Ordinarily, such a bond includes the whole amount of the judgment, costs, interest, and other amounts unless the court finds good cause for fixing a different amount for the bond or having the judgment debtor furnish alternative security.  Poplar Grove, 600 F.2d at 1190-91.

1133, 1154 (2nd Cir. 1986).

It is the judgment debtor's burden to demonstrate that posting a full bond is impossible or impractical; similarly, it is the moving party's duty to propose a plan that will provide adequate (or as adequate as possible) security for the judgment creditor. Poplar Grove, 600 F.2d at 1191 (stating that the burden is on the moving party to demonstrate objectively the reasons for departure from the full bond requirement; the judgment creditor need not initiate contrary proof).

In Dillon v. City of Chicago, 866 F.2d 902, 904-05 (7th Cir. 1988), the Seventh Circuit Court of Appeals identified several factors courts should consider in deciding whether to waive or reduce supersedeas bonds.  These factors have been summarized as follows by the district court for the Western District of Louisiana:

> (1) the complexity of the collection process;
>
> (2) the amount of time required to obtain a judgment after it is affirmed;
>
> (3) the degree of confidence that the district court has in the availability of funds to pay the judgment;
>
> (4) whether the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money; and
>
> (5) whether the defendant is in such a precarious financial situation that the requirement to post a bond would place other creditors of the defendant in an insecure position.

Superior Derrick Services, LLC v. Lonestar, 2012 WL 4094513 *2

(W.D. La. 2012).

In this case, the defendant requests that the Court waive the requirement for supersedeas bond and stay collection of the judgment. However, Dr. Stanley has produced no evidence, much less any competent evidence, that would permit the Court to make an objective determination of whether his present financial condition is so dire that posting a customary supersedeas bond would impose an undue financial burden on him. In the absence of such record evidence, there are no grounds for the Court to waive the imposition of a bond in the event it finds a stay of enforcement is appropriate in this case. Poplar Grove, 600 F.2d at 1191; S.P. Davis, Sr. v. United States, 2009 WL 2019932 (W.D. La. July 7, 2009). The United States asserts that for many years, it has pursued collection of Dr. Stanley's tax liabilities and has expended substantial resources in vindicating its right to pursue collection (proving, inter alia, that the 1998-2008 liabilities were excepted from the defendant's Chapter 7 discharge because he willfully attempted to evade and defeat these income tax obligations). Further, without documentary evidence, Dr. Stanley testified at trial that this year (2013), he has set up another corporation to which he claims he will remit all his compensation for withholding of federal and state taxes going forward before the money is distributed to him. At trial, the Court received voluminous documentary proof and the testimony of Revenue Officer

5

Elizabeth McCullough that Dr. Stanley previously falsely claimed he would do this with his prior corporation, Vicksburg Primary Care Team, Inc.  Through the defendant's testimony, the Court also learned that he currently is the emergency room director and a staff emergency physician for a hospital in Clarksdale, Mississippi, with a likely current income of between $300,000 and $400,000 annually.

The Court has little confidence, given Dr. Stanley's history of evasion, in the availability of funds from the defendant to pay the judgment if it is upheld on appeal.  The Court also finds that the defendant has provided no competent evidence to determine what his financial position is and what effects his posting a bond would have on any of his other creditors.

As for Dr. Stanley's motion to stay, the Court considers four factors: (1) whether the movant has made a showing of likelihood of success on the merits, (2) whether the movant has made a showing of irreparable injury if the stay is not granted, (3) whether the granting of the stay would substantially harm the other parties, and (4) whether the granting of the stay would serve the public interest.  <u>United States v. Baylor University Medical Center</u>, 711 F.2d 38, 39 (5th Cir. 1983).  In cases in which the United States is the opposing party, the third and fourth factors merge.  <u>Nken v. Holder</u>, 556 U.S. 418, 435-36 (2009).  In the Fifth Circuit, the requirement of likelihood of success on the merits is relaxed in

cases involving a serious legal question.  In such cases, the movant need only (1) present a substantial case on the merits, and (2) show that the remaining equities weigh heavily in favor of granting the stay.  <u>Commodity Futures Trading Comm'n v. Hudgins</u>, 2009 WL 3645053, *3 (E.D. Tex. 2009).  However, the "'[l]ikelihood of success remains a prerequisite in the usual case' and '[o]nly if the balance of equities (<u>i.e.</u> consideration of the other three factors) is heavily tilted in the movant's favor' will we issue a stay in its absence and, even then, the issue must be one with patent substantial merit."  <u>United States v. Transocean Deepwater Drilling, Inc.</u>, ___ Fed.Appx.___, 2013 WL 3803873, *2 (5th Cir. 2013)(internal citations omitted).

Dr. Stanley has neither met the four-part test for a stay, nor has he shown that his case presents a "serious legal question."  He claims that his case "involves substantial issues of first impression and assignments of error upon which reasonable Jurist [<u>sic</u>] could differ;" (Defendant's Motion, ¶ 5) however, he does not identify what these issues or errors are.  In fact, Dr. Stanley's case involves the application of well-established legal principals under Fifth Circuit law to the facts of his case. Based on arguments the defendant has heretofore made, the unspecified issues he is likely to raise on appeal are not likely to rise to the level of a serious legal question that implicates far-reaching effects or public concerns.

The issues posed by this case are whether the defendant's tax liabilities from 1998-2008 were excepted from his Chapter 7 discharge in bankruptcy, and whether he is liable for all thirteen years of tax liabilities. He has not demonstrated any likelihood of success on the merits, much less a significant likelihood. His 2009 and 2010 tax liabilities were post-Chapter 7 liabilities and were not contested during the course of this litigation. As for the defendant's 2005-2008 liabilities, the Court found them excepted from the discharge on the alternate ground that they were due within three years of the May 18, 2009 petition date, a proposition that the defendant has never disputed. As for the Court's finding that Dr. Stanley willfully attempted to evade and defeat the 1998-2004 liabilities, this finding is grounded on extensive factual findings that, unless found to be clearly erroneous by the Fifth Circuit, support the Court's ruling under established Fifth Circuit precedents.

In order to show irreparable injury, the defendant must show more than "[m]ere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of [an injunction] .... The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, [weighs] heavily against a claim of irreparable harm." Dennis Melancon v. City of New Orleans, 703 F.3d 262, 279 (5th Cir. 2012).

Should the United States succeed in collecting funds applied to a tax year as to which Dr. Stanley is ultimately successful on appeal, he will have an array of statutes at his disposal through which he could recover. See 28 U.S.C. § 1346(a)(1) and 26 U.S.C. § 7422 (allowing a taxpayer to sue for a refund of an illegal tax assessment); 26 U.S.C. § 7433 (allowing a taxpayer to sue for damages for a reckless or negligent violation of Title 26 during a tax collection). United States v. O'Callaghan, 805 F.Supp.2d 1321, 1328 (M.D. Fla. 2011).

On the other hand, a stay without bond leaves the "United States vulnerable to an irreparable loss of the entire value of the judgment." Id. This risk is heightened by Dr. Stanley's history of efforts to evade and defeat eleven of the thirteen years of tax liabilities at issue. As noted above, the third and fourth factors merge in cases involving the United States. The defendant asserts that the "public interest lies in ensuring that a litigant has access to the appellant [sic] process and whereas in this case, the rulings are ones upon which reasonable jurist [sic] could differ and the case on appeal raises issues of first impression." Defendant's Motion, ¶ 7. However, the defendant retains his right to appeal regardless of whether he posts a bond, and regardless of whether the judgment is executed during the appeal. Strong v. Laubach, 443 F.3d 1297, 1299 (10th Cir. 2006)("A judgment debtor who is unable or is unwilling to post a supersedeas bond retains the

9

right to appeal even if the judgment is executed."). Furthermore, "[s]hould the judgment be reversed on appeal, a district court may, on motion or sua sponte, order the judgment creditor to restore the benefits obtained." Id.

In this case, where the collection of tax liabilities has been delayed for many years, and where the Court has found that the defendant willfully evaded paying his taxes, the United States has a critical interest in the prompt collection of the taxes, and granting a stay would frustrate, not serve, the public interest. Dr. Stanley has not shown that he is entitled to a stay, much less one granted with a waiver of bond.

The long-established practice in the Fifth Circuit, as interpreted in Poplar Grove, is to grant an automatic stay under Fed.R.Civ.P. 62(d) upon posting of a supersedeas bond in the full amount of the judgment plus interest and other costs unless the court in its discretion finds good cause for fixing a different amount for the bond or having the judgment debtor furnish alternative security. This provision of the federal rules is rationally tailored to protect a judgment creditor such as the United States from loss during the course of the appeal, and to protect the appellant's interest against having to pay the judgment and later pursue recovery of any payments in the event his appeal succeeds.

The defendant has failed to show that approval of a bond less

than the full judgment amount would protect the United States' interests.  Nor has the defendant presented to the Court a financially secure plan for maintaining solvency during the period of appeal.  Therefore, the Court finds that Dr. Stanley has not sufficiently demonstrated the need for a departure from the normal supersedeas bond requirement.

For the foregoing reasons, the Court shall deny the defendant's request for a discretionary stay and injunction of the final judgment to be entered by the Court.  However, the defendant is entitled to a supersedeas stay as of right if he posts bond in an amount sufficient to cover the entire amount of the judgment, including interests and other costs.  Therefore, the Court shall, in the event the defendant wishes to post a full supersedeas bond in the appropriate amount, grant a stay conditioned upon the defendant obtaining the bond.  The United States has requested leave to promptly submit a calculation of "the full amount of the judgment and costs, plus interest."

Accordingly,

IT IS HEREBY ORDERED that the defendant's motion for discretionary stay of judgment and injunction pending appeal and request for waiver of bond **(docket entry 98)** is DENIED;

FURTHER ORDERED that, in the alternative, the Court shall grant a stay conditioned upon the defendant obtaining a full supersedeas bond in an appropriate amount.  To this end, the United

States is afforded ten (10) days to furnish the Court with the relevant information including the full amount of the judgment and costs, plus interest, constituting the correct amount of the bond. Upon receipt of this information, the Court will enter an order requiring supersedeas bond and enter its Final Judgment.

SO ORDERED, this the 5th day of December, 2013.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE